IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SYREETA R. MCFARLAND-ROURK,     *

    Plaintiff,               *

vs.                         *
                            CASE NO. 4:15-CV-163 (CDL)
DRIVE TIME CREDIT, INC. and     *
UNITED AUTO RECOVERY,
                         *

    Defendants.

                         *

O R D E R

    Syreeta R. McFarland-Rourk borrowed money from Drive Time
Credit, Inc. to buy a vehicle.  McFarland-Rourk then filed for
bankruptcy.  After receiving her discharge in bankruptcy,
McFarland-Rourk's vehicle was repossessed.  McFarland-Rourk now
wants her vehicle back.  She sues Drive Time and the company it
hired to recover the vehicle, United Auto Recovery, claiming
that § 522(f) of the U.S. Bankruptcy Code barred them from
repossessing the vehicle.  11 U.S.C. § 522(f).  McFarland-Rourk
also brings claims for "grand theft auto," "criminal stalking,"
and "providing false information to a law enforcement officer"
based on Defendants' actions in relation to the repossession.
Presently pending before the Court is Drive Time's motion for
judgment on the pleadings.

    Although the Court is skeptical that it even has subject
matter jurisdiction over this action, it nevertheless decides

McFarland-Rourk's "federal claim" on the merits and grants Drive Time's motion for judgment on the pleadings.  (ECF No. 17).  For the same reasons that McFarland-Rourk's "federal claim" against Drive Time fails, her "federal claim" against United Auto Recovery also fails.  The Court therefore dismisses her claim against United Auto Recovery *sua sponte.*  Given the Court's doubts about its jurisdiction over this action, the Court declines to exercise supplemental jurisdiction over any of McFarland-Rourk's claims that may be construed as state law claims, and those claims are dismissed without prejudice.

### JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party."  *Id.*  "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied."  *Id.*

When considering a Rule 12(c) motion, the Court ordinarily limits its consideration to the pleadings.  Fed. R. Civ. P.

2

12(d).   Here, McFarland-Rourk attached a demand letter and a
copy of her Chapter 7 bankruptcy petition to her Complaint, and
Drive Time attached the contract between McFarland-Rourk and
Drive Time to its motion for judgment on the pleadings.   These
documents are central to McFarland-Rourk's claims and their
authenticity is not challenged.   Therefore, the Court considers
these documents without converting the Rule 12(c) motion into a
motion for summary judgment.   *Speaker v. U.S. Dep't of Health &*
*Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010) (explaining
that courts can consider documents attached to a Rule 12(b)(6)
motion without converting the motion into one for summary
judgment if the documents are central to the plaintiff's claims
and their authenticity is not challenged); *Wilchombe v. TeeVee*
*Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (stating that
courts can consider documents attached to the pleadings).

## FACTUAL BACKGROUND

Drive Time loaned McFarland-Rourk approximately $17,000 to
purchase a 2007 Volkswagen Jetta.   McFarland-Rourk gave Drive
Time a security interest in the vehicle.   McFarland-Rourk agreed
that Drive Time could repossess the vehicle if she failed to
repay Drive Time in a timely manner.

Less than two years later, in August 2014, McFarland-Rourk
filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy
Code.   At the time that she filed for bankruptcy, McFarland-

Rourk still owed Drive Time money for the vehicle. McFarland-Rourk attempted to avoid Drive Time's lien on her vehicle by listing the vehicle as exempt from the bankruptcy estate on Schedule C of her bankruptcy petition. Schedule C allows a debtor to list property as exempt from the bankruptcy estate as permitted by federal and state law. McFarland-Rourk stated on Schedule C of her petition that her vehicle was exempt under O.C.G.A. §§ 44-13-100(a)(3) and 44-13-100(a)(6). Section 44-13-100(a)(3) allows a debtor to exempt up to $5,000 of their interest in a motor vehicle. McFarland-Rourk represented on Schedule C of her petition that her vehicle was worth $4,990. She received her discharge on November 28, 2014.

Several months later, Drive Time repossessed the vehicle through a repossession company, United Auto Recovery. McFarland-Rourk now sues Drive Time and United Auto Recovery in an attempt to recover the vehicle or her interest in the vehicle. It is McFarland-Rourk's position that because the vehicle was exempt from the bankruptcy estate, the vehicle was effectively untouchable by any creditor, including Drive Time.

## DISCUSSION

McFarland-Rourk does not clearly allege a basis for subject matter jurisdiction. And the Court is skeptical as to whether it has it. Diversity jurisdiction does not exist because the parties are not completely diverse (both McFarland-Rourk and

4

United Auto Recovery are residents of Georgia).   28 U.S.C. § 1332.   McFarland-Rourk also fails to allege a clear basis for federal question jurisdiction.   In light of McFarland-Rourk's status as a *pro se* litigant, the Court liberally construes her pleadings and assumes that she asserts a claim based on federal law arising from Defendants' repossession of her vehicle in violation of the bankruptcy court's discharge order.   If McFarland-Rourk could prove that Defendants violated the discharge order, she could assert a contempt claim in the bankruptcy court based on the violation of the discharge order. But it is not clear that McFarland-Rourk has the right to assert a cause of action in federal district court to hold Defendants in contempt of the bankruptcy court's discharge injunction.   The Court acknowledges that it should typically avoid deciding the merits of a claim if it is unsatisfied that it has jurisdiction. But the Court nevertheless decides the merits of McFarland-Rourk's claim because it is clear that any federal claim that could arise from McFarland-Rourk's *pro se* pleadings fails as a matter of law.   The present record establishes that Defendants have not violated the discharge order by repossessing the vehicle.   They had the right to repossess the vehicle as a matter of law.

The general rule is that "[u]nless a lien is avoidable and the debtor has taken timely steps to avoid it, the lien survives

5

the discharge in bankruptcy." *Holloway v. John Hancock Mut.*
*Life Ins. Co.*, 81 F.3d 1062, 1063 (11th Cir. 1996).    The
Bankruptcy Code provides that a debtor may avoid certain types
of liens on property exempt from the bankruptcy estate to the
extent that the lien impairs the exemption.   11 U.S.C. § 552(f).
"An exemption is an interest of the debtor carved out of the
bankruptcy estate for the benefit of the debtor and thereby
shielded from creditors' claims."    *Holloway*, 81 F.3d at 1063.
Only two types of liens on exempt property may be avoided:
(1) judicial liens and (2) nonpossessory, nonpurchase-money
security interests in household goods, tools of the trade, or
health aids.   11 U.S.C. § 522(f)(1).

The lien on McFarland-Rourk's vehicle is not a lien that
the Code permits a debtor to avoid.   McFarland-Rourk does not
allege that Drive Time has a judicial lien on the vehicle.   11
U.S.C. § 522(f)(1)(A).    Nor does she allege facts indicating
that Drive Time has a nonpossessory, nonpurchase-money security
interest in the vehicle.    11 U.S.C. § 522(f)(1)(B).    To the
contrary, the pleadings reveal that Drive Time has an archetypal
purchase-money security interest:    Drive Time lent McFarland-
Rourk money so that she could purchase a vehicle and Drive Time
got a security interest in that vehicle.[1]    *See* Compl. ¶ 5, ECF

---

[1] A purchase-money obligation is "an obligation of an obligor incurred
as all or part of the price of the collateral or for value given to

No. 1 (emphasis added) (stating that McFarland-Rourk entered into a contract with Drive Time "*to purchase* 2007 [sic] Wolfsburg Edition Volkswagen Jetta."). Based on the undisputed facts, Drive Time's lien is not avoidable under § 522(f). Therefore, neither Drive Time nor United Auto Recovery violated the bankruptcy court's discharge injunction when they repossessed the vehicle. Accordingly, Drive Time's motion for judgment on the pleadings is granted as to any "federal claims" that are asserted in the Complaint, and the Court also dismisses any federal claims against United Auto Recovery *sua sponte*.

CONCLUSION

Assuming that it has subject matter jurisdiction, the Court finds as a matter of law that neither Drive Time nor United Auto Recovery violated the bankruptcy court's discharge injunction when they repossessed McFarland-Rourk's vehicle. Accordingly, Drive Time's motion for judgment on the pleadings is granted as to any federal claims asserted in this action (ECF No. 17), and any federal claims against United Auto Recovery are likewise dismissed *sua sponte.* To the extent that McFarland-Rourk alleges state law claims based on the fact that Defendants repossessed the vehicle, the Court declines to exercise supplemental jurisdiction over those claims, particularly in

---

enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used." O.C.G.A. § 11-9-103(a)(2).

light of its doubts concerning subject matter jurisdiction.

Thus, this action is dismissed in its entirety.

IT IS SO ORDERED, this 24th day of May, 2016.

S/Clay D. Land
_____

CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
